STATE, *ex rel.* F. W. SIMMONS, v. W. S. HARRIS, *et al.*

161 So. 374.
Division B.
Opinion Filed May 15, 1935.

C. L. *McKaig* and *Weller & Pepper,* for Plaintiff in Error;

*Winder H. Surrency* and *John F. Burket,* for Defendants in Error;

BUFORD, J.—We review here judgment quashing alternative writ of mandamus.

The alternative writ showed the lawful issuance of bonds; that relator was the owner and holder of certain of the

bonds so issued and, at the time of the issuance of the writ were past due and unpaid; that taxes sufficient to pay relators delinquent bonds had been levied and collected for the purpose of paying bonds of the issue referred to when the same should be due and payable; that the Board of County Commissioners instead of paying bonds with the money produced by such tax levy, have entered into a purported trust agreement with The Palmer National Bank & Trust Company of Sarasota, Florida, whereby the Board of County Commissioners delivered the money so acquired to said Bank and attempted to pass the title to the fund to the Bank in trust to be prorated amongst bondholders if and when a refunding of the bond issue of which these bonds are a part should be accomplished; that such transaction occurred on March 20th, 1933, and under the terms of the agreement the purported trust was to be discharged on or before July 1st, 1933, otherwise the fund should at that date be deposited in an account to be known as "Court House Bond Interest and Sinking Fund" to the credit of the County and subject to its order; that later the purported trust agreement was by a written instrument in the form of a resolution continued in force "until the Trustee receives written notice from this Board that said Refunding Contract has or has not been declared operative," and was later continued in force until September 30th, 1934; that the Bank accepted the trust and assumed to take title and possession of the fund, all of which trust agreement and the action taken by the Board of County Commissioners and the Bank was without authority of law and was null and void for any purpose other than to constitute a deposit of the fund subject to being used for the purposes for which the tax levy which produced it was levied and collected.

Unless the purported trust agreement and the action of

the Board of County Commissioners and the Bank pursuant thereto place the fund beyond the reach of the relator, he is clearly entitled to the relief prayed under the authority of opinions and judgments in the cases of State, *ex rel.* Gillespie, *et al., v.* Carlton, *et al.,* 103 Fla. 810, 138 Sou. 612; State, *ex rel.* National Discount Corporation, v. Livingston, *et al.,* 104 Fla. 33, 139 Sou. 360; City of Winter Haven, *et al.,* v. State, *ex rel.* Baynes, 114 Fla. 527, 154 Sou. 879.

. When the fund involved was collected it became a trust fund in the hands of the Board of County Commissioners for the benefit of the relator and others like situated. As long as that fund had not been paid out by the Board of County Commissioners in the payment of the obligations for which it was levied and collected, it was a fund from which the relator had the right to demand the payment of his bonds and if his demand was refused he then had the legal right to institute proceedings to coerce the payment of his bonds from that fund. The institution of legal proceedings by the relator would operate to give him a prior claim on the fund for the payment of his bonds. See State, *ex rel.* National Discount Corporation, v. Livingston, *et al., supra.* We think that it is so elementary as not to be questioned that a trustee holding a fund subject to specific disposition cannot legally create another trusteeship and pass the fund into the hands of, and control of, that newly created trustee so as to place the fund beyond the reach of the *cestui que* trust of the original trustee entitled to the trust fund.

By attempting to place this fund beyond the reach of the relator, the respondents violated Section 10, Article I, of the Constitution of the United States. See Von Hoffman v. Quincy, 4th Wall. 535, 18 Law Ed. 403. It is well set-

tled that the obligation of a contract in the constitutional sense is the means provided by law by which it can be enforced. These means are methods by which the parties obligated can be compelled to perform it. Any legislation which lessens the efficiency of the means impairs the obligation and so does any conduct on the part of one party which attempts to place it beyond the power of the other party to enforce the contract impair the obligation thereon. See Edwards v. Kerzey, 96 U. S. 595, 24 Law Ed. 793.

So we must hold that the purported trust agreement was invalid and of no force and effect insofar as purported or attempted to affect the right of the relator to coerce the payment of his bonds from funds which had been raised by taxation for the purpose of paying the bonds of which his constituted a part.

We come next to the question as to whether or not the Bank was a proper party to this mandamus proceeding. We think that it was not only a proper party, but a necessary party thereto. In the case of Anderson, *et al.*, v. State, *ex rel.* Stirk, 106 Fla. 956, 143 Sou. 774, it was pointed out that a bank purporting to act as trustee under conditions like those existing here must be made a party. There Mr. Justice DAVIS, in a special concurring opinion, said:

"The effect of the holding of the Circuit Judge is to declare void the arrangement attempted by the Commissioners of the District with the bank which was made their depository of the alleged $45,584.05 trust fund. The alleged trustee is not a party to this proceeding, nor would it be protected against claims and suits asserted against it on account of its attempted acceptance of the trust, should it allow the so-called trust fund to be taken back by the District. Neither is it clear that the Bank would honor a re-

quest for withdrawal of the trust fund in order to comply with the peremptory writ of mandamus which the Circuit Judge ordered. And if the Bank refused, the Commissioners might be held in contempt because of their inability to make the payment which the peremptory writ requires to be made out of funds which the Bank may, or may not, deliver back to them on their demand.

"Banks are made by law public depositories of money and are public fiscal agents. The bank was not made a party to the alternative writ as it possibly might have been, for the purpose of requiring it to return to the District the fund alleged to have been illegally placed with it on trust. Without the Bank being made a party or some showing that the Bank would return the money, I think the Circuit Judge was in error in awarding a peremptory writ, the only return to which is that of obedience, which presupposed some finding by the Court that obedience is practicable when the respondents deny that it is."

In the main opinion, we had said:

"The effect of the trust referred to in the return of the respondents, purporting to confer rights upon third persons in certain funds, cannot be determined in mandamus."

And we cited: State of Florida, *ex rel.*, v. Trustees I. I. Fund, 20 Fla. 402; State, *ex rel.* Sunda, v. Richards, 50 Fla. 284, 39 Sou. 152; State, *ex rel.* McKinnon, v. Wolfe, 58 Fla. 523, 50 Sou. 511.

This did not mean that where the third party involved was a depository claiming title to the fund under a trust agreement that such depository could not be made a party to the mandamus proceeding and he thereby brought into court to have its rights adjudicated, if it could properly be adjudicated in mandamus proceedings.

The principle involved has been upheld in State, *ex rel.*

Suwannee River Bridge Co., v. Sholtz, 114 Fla. 135, 154 Sou. 871; and State, *ex rel.* Fla. National Bank at St. Petersburg, v. State Board of Administration, *et al.,* 115 Fla. 753, 154 Sou. 876, and 156 Sou. 15.

In Burr v. S. A. L. Ry., 93 Fla. 104, 111 Sou. 391, we held:

"Under the common law, where the performance of a series of acts by different parties was necessary to the ultimate object of a writ of mandamus, it was proper to make them all parties respondent. Section 4661, Revised General Statutes of Florida is broad enough to warant the inclusion of different parties in the same writ where such inclusion is necessary to require the performance of orders of the Railroad Commissioners legally made."

The judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.