GARLAND MOORE v. WESLEY GARRISON, INC.

183 So. 332.

Division A.

Opinion Filed April 19, 1938.

On Rehearing June 18, 1938.

*Gramling & Gramling,* for Appellant;

*Albert B. Bernstein,* for Appellee.

BUFORD, J.—The appeal in this case is from an order dismissing bill of complaint.

The bill of complaint was filed for the purpose of cancelling a tax deed as an alleged cloud on complainant's title. The appellant complainant in the court below, acquired what is alleged in the bill of complaint to be the fee simple title to Lots 26 and 27, Block 362, Portion of Miami Shores Unit A, and claims his title under a deed recorded in Deed Book 1557 on page 167 of the Public Records of Dade County, Florida, wherein William J. Weller, joined by his wife, Mary E. Weller, conveyed all of Government Lot 1 of Section 33, Township 52 South, Range 42 East.

The deed contains the following clause:

"IT IS EXPRESSLY UNDERSTOOD AND AGREED that the parties of the first do not specifically or impliedly warrant the title to the premises hereby conveyed and that the same

are conveyed subject to any and all encumbrances whatsoever."

It is alleged in the bill of complaint:

"That said defendant is named as grantee in that certain tax deed dated July 18, 1934, filed for record July 21, 1934, and recorded in Deed Book 1572 at page 197 of the public records of Dade County, Florida, which purports to convey from the State of Florida to said Wesley E. Garrison, Inc., the following described land lying and being in Dade County, Florida, to-wit:

"Lots 26-27, Block 362, Portion of Miami Shores Unit A, Plat Book 17, Page 47, in the County of Dade, State of Florida, a certified copy of said tax deed being attached hereto, and made a part hereof as fully as if set out at length herein and marked 'Exhibit 1.'"

It is further alleged:

"That the property described in paragraph 1 of this bill of complaint and purported to be conveyed by said tax deed lies within Section 33, Township 52 South, Range 42 East, as will appear from the plat of said subdivision recorded in Plat Book 17 at Page 47, of the Public Records of Dade County, Florida, a certified copy of said plat being attached hereto, made a part hereof and marked 'Exhibit 2.'"

"That the assessment of said land, the issuance of said tax certificate and the tax deed were and are wholly void for the reason that in attempting to assess the taxes on which said certificate and said tax deed are based, the tax assessor described said land as being located in Section 28, Township 52 South, Range 42 East as aforesaid."

It is also alleged that the tax certificate No. 8107 was issued by Bob Simpson, Tax Collector, to the Treasurer of the State of Florida, on August 5, 1929, for the unpaid taxes for the year 1928 and the certificate was assigned to Wesley E. Garrison, Inc.

It is further alleged that the tax certificate was surrendered by Wesley E. Garrison, Inc., to E. B. Leatherman, Clerk of the Circuit Court of Dade County, Florida, on April 28, 1934; that a search of the title was made and the title to said property found by the searches to be in La Florida Investment Company by deed recorded in Deed Book 1427 on page 453; that a copy of the application was mailed to La Florida Investment Company; that the deed to La Florida Investment Company conveys certain property located in Sections 20, 21, 27, 28, and 29 of Township 52 South, Range 42 East, and that said deed does not convey or purport to convey any property in Section 33, Township 52 South, Range 42 East. That at the time that said application for tax deed was made there was on file in the office of the Clerk of said Court a deed from William J. Weller and Mary E. Weller, his wife, to Garland Moore, dated April 5, 1934, and filed for record April 16, 1934, conveying to said Garland Moore among other lands all of Government Lot 1 of Section 33, Township 52 South, Range 42 East.

The question presented is whether or not the description as alleged in the tax rolls and in the tax certificate was such as to make the tax deed voidable. There is no allegation that the taxes had ever been paid for the year 1928 on the lots 26 and 27, Block 362, Portion of Miami Shores Unit A, Plat Book 17, page 47, in the County of Dade and State of Florida. Nor is it alleged that no taxes were due upon such lands. The contention is that because it was shown that the tax assessor described the land on the tax roll as being located in Section 28, Township 52 South, Range 42 East, whereas the lands in fact lie in Section 33, Township 52 South, Range 42 East, the description was so fatally defective as to make it voidable.

The record shows that there was on file in Plat Book 17, Page 47, in the office of the Clerk of the Circuit Court of Dade County, Florida, a plat known as Portion of Miami Shores Unit A; that that plat showed lots 26 and 27 in Block 362.

.The record further shows that the plat and the tax roll refers to the lands described in the plat as being in Section 28, when as a matter of fact a part of the lands included in the plat, is shown on the face of the plat itself to extend into Section 33, Lots 26 and 27 of Block 263, being in that part of the lands embraced in the plat which lie within Section 33.

It is not necessary to quote Section 718 R. G. S., 920 C. G. L., in full but, amongst other things, it includes the following provision:

"Provided, that when private surveys of land or descriptions by metes and bounds have taken the place of government surveys, and the land is known, designated and described only by such private surveys or metes and bounds, the description in the assessment shall be made in accordance with such surveys or descriptions as recorded in the office of the Clerk of the Circuit Court, or by reference to deed of record, giving the book and page as appears in the office of the Clerk of the Circuit Court."

Section 719 R. G. S., 921 C. G. L., provides, in prescribing the duties of the tax assessor, in part, as follows:

"He shall make the assessments of real estate in cities and town plats and blocks in regular order throughout the original plan of the city or town, and all additions thereto, all the lots of a block to be listed in their regular order under the letter, number or other designation of the block as filed in the office of the clerk of the circuit court, blocks also to follow in their regular order (and all lots or sub-

divisions of a block when belonging to one owner being numbered consecutively and lying contiguously, may be assessed together and the taxes extended on one line), each of the smallest subdivisions of such book to be entered and the taxes thereon to be extended separately."

So it is that it was the duty of the Assessor to assess the lands according to the recorded plat.

In East Coast Lumber Co. v. Ellis-Young Co., 55 Fla. 256, 45 Sou. 826, it was said:

"It is settled law here that where one deed refers to another, or to a map or plan of a survey, for a description, the deed, map, or plan referred to becomes as much a part of the instrument making the reference as if actually copied into it."

See also Sanders v. Ransom, 37 Fla. 457, 20 Sou. 530.

Since the property was described in the assessment and in the certificates as "Lots 26-27, Block 362, Portion of Miami Shores Unit A, Plat Book 17, page 47, in the County of Dade, State of Florida," it amounts to the same thing as if a copy of the plat had been attached to the tax certificate or to the tax deed and the record of the plat would have controlled as to the location and the dimensions and boundaries of the property, regardless of section lines.

In Black v. Skinner Mfg. Co., 53 Fla. 1090, 43 Sou. 910, it was held:

"Where a deed conveying title to lands recites that the consideration is the conveyance of 'an equal number of acres of land' and that it conveys 'the lands lying in the County of E., State of Florida, particularly described in the schedule hereto annexed,' and the annexed schedule is of lands 'particularly described' by sections, townships, and ranges, according to the government surveys and records, and the number of acres thus described is equal to the num-

ber of acres conveyed as consideration, and the warranty covers 'the title to the lands mentioned in the annexed schedule,' the deed conveys all the land 'particularly described in the schedule' even though some of the land so particularly described is not in the County of E., but is in an adjoining county of the State."

In McCormick v. Magruder, 121 Fla. 141, 163 Sou. 407, we held that where the word "East" in the description was evidently intended to mean "West" the word would be so construed. There are numerous cases from other jurisdictions which support this holding, but we think that the analogy to be drawn from the holding in Black v. Skinner Mfg. Co., *supra,* is sufficient warrant for our holding here that the description was not invalid. If the description was valid then the bill fails to show any sufficient ground to warrant the cancellation of the tax deed.

So the order appealed from should be affirmed.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—It seems to me that when *all* the allegations of the bill are considered, there was some equity in the bill and it should not have gone out in a general motion to dismiss. To my mind the effect of such dismissal is to deprive the appellant of property without due process of law. My view is that the order appealed from should be reversed and the cause remanded with leave to the lower court to entertain motion to amend and clarify the bill in some respects if such should be made. The bill as it stands is not entirely without equity.

## On Rehearing.

Per Curiam.—Upon consideration of the cause on rehearing, the majority of the Court are of the opinion that when all the allegations of the amended bill are duly considered, said amended bill was not entirely without equity and that the court below erred in granting the motion to dismiss the bill. Taking the facts alleged in the amended bill as true, in so far as they were well pleaded, as must be done upon a motion to dismiss the amended bill, it appears that there was a serious variance between the tax assessment, the notice of publication for tax deed and the tax deed itself, which tended to show *prima* facie that the property ·of the plaintiff below, appellant here, had been taken without due process of law, and that such allegations were sufficient to require the defendant to answer the amended bill. It may be that such amended bill can be clarified or strengthened by further amendments if duly applied for in the lower court. But the bill as already amended is not entirely without equity and our previous judgment of affirmance is hereby vacated and set aside, and this cause is reversed and remanded with leave to the lower court to entertain and consider any appropriate application which may be made to it for leave to further amend said bill.

Reversed and remanded, on rehearing, with instructions.

Whitfield, Brown and Chapman, J. J., concur.

Buford, J., dissents, adhering to original opinion.