STATE v. CITY OF ST. PETERSBURG.

185 So. 451
Opinion Filed December 27, 1938.

*Chester B. McMullen*, State Attorney, for Appellant;

*Carroll R. Runyon, Lewis T. Wray* and *Harry I. Young*, for Appellee.

TERRELL, C. J.—In November, 1938, the City Council of St. Petersburg adopted a resolution authorizing the issuance of $238,000.00 of Gas Plant Revenue Certificates hereinafter referred to as "certificates" for the purpose of con-

structing a Utilities Administration Building, the said Certificates to be payable solely from the net revenues derived from services rendered by the Municipal Gas Plant of the City, and to be issued without an approving vote of the taxpayers as contemplated by Section 6, Article IX of the Constitution.

The resolution was predicated on a finding of fact that the City of St. Petersburg was the owner and operator of its Municipal Gas Plant which had for years paid a net income over operating expenses, that the construction of a Utililties Administration Building is essential and necessary, that the present Utilities Administration Building is totally inadequate, is unsafe, antiquated, and does not begin to respond to the present and growing needs of the City, that the City is authorized by resolution to issue said certificates and that the net income from the Gas Plant is sufficient to pay said Certificates as they mature in addition to operating and other expenses.

Petition to validate said certificates was filed in the Circuit Court November 22, 1938, order to show cause and notice to taxpayers was duly given and published as required by law. Answer was filed, testimony was taken as to all material facts and requirements and on final hearing, a decree was entered validating the Certificates. The instant appeal is from the decree of validation.

Seven questions are urged here for reversal of the validating decree. Some of them are in reality questions of fact, on which we deem the finding of the *City* final or they are such as have no legal bearing on the validity of the certificates and are not treated in this opinion. The questions of law urged relate to (1) the power of the City to issue the Certificates, and if it is authorized to issue them whether they can be issued by ordinance or resolution, (2) the power of the City to construct the Utilities Administration

Building, and (3) is the City authorized to issue said Certificates without an approving vote of the taxpayers as contemplated by Section 6, of Article IX, of the Constitution.

The City Charter of St. Petersburg, embraced in Chapter 15505, Special Acts of 1931, has been examined and found to contain ample warrant to the City to construct the Utilities Administration Building and to issue the Certificates either by ordinance or resolution for that purpose in the manner shown to have been accomplished.

The Certificates are not bonds requiring an approving vote of the taxpayers as contemplated by Section 6, of Article IX, of the Constitution. They are paid solely from the net revenues derived from the Municipal Gas Plant. They cannot be paid from any other revenues of the City, and the City as a taxing unit is in no sense bound for the payment of them or any part of them. McGoon v. Town of Miami Springs, and cases therein cited, decided December 16, 1938.

The judgment below is therefore affirmed on authority of the latter case and cases therein cited.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.