CITY OF JACKSONVILLE, *et al.,* v. PHILIP S. MAY.

192 So. 614
Division A
Opinion Filed December 5, 1939
Rehearing Denied January 9, 1940

*Austin Miller, Gov Hutchinson* and *Eli Finkelstein,* for Appellants;

*R. Gamble Mann* and *Thomas H. Shad,* for Appellee.

BUFORD, J.—We review on appeal decree entered on amended bill, amended answer and stipulation whereby the appellant was enjoined from issuing certain certificates of indebtedness in the aggregate sum of Five Thousand Dollars.

The ordinance authorizing the issuance of such certificates is as follows:

"An Ordinance authorizing the City Commission to make necessary repairs to the Fifth and Cleveland Streets Incinerator, and to issue certificates of indebtedness for the cost of said work.

"BE IT ORDAINED BY THE MAYOR AND CITY COUNCIL OF THE CITY OF JACKSONVILLE:

SECTION 1. That the City Commission be and it is hereby authorized to make necessary repairs to the Fifth and Cleveland Streets Incinerator at a total cost not to exceed Five Thousand Dollars.

"SECTION 2. That the City Commission be and it is hereby authorized to issue certificates of indebtedness for not to exceed $5,000.00 to pay for said necessary repairs at the Fifth and Cleveland Streets Incinerator, authorized in Section 1 hereof, one-third of which amount shall be payable on or before one, two and three years, respectively, after date, with interest at four (4%) per cent per annum until paid; provided, however, that said certificates shall be payable solely out of revenues of the Garbage Collection and Disposal System of the City of Jacksonville."

The certificates proposed to be issued are in the following form:

"No........................                                    $........................

"UNITED STATES OF AMERICA
"STATE OF FLORIDA
"CITY OF JACKSONVILLE

"SALVAGE DEPARTMENT REVENUE CERTIFICATE

"The City of Jacksonville, in the County of Duval, a municipal corporation of the State of Florida, for value received, promises to pay to the order of ................................... the sum of ...................... Dollars ...................... ( ) year.... after date and to pay interest on said principal sum at the rate of four (4%) per centum per annum, payable semi-annually. Both principal and interest are payable at the office of the City Treasurer in the City of Jacksonville, Florida, in any

coin or currency which on the date of payment is legal tender for the payment of public and private debts.

"This certificate is one of an authorized issue limited to an aggregate principal amount of Five Thousand ($5,000.00) Dollars, all of like date and tenor, except as to number and maturity, issued by said City under authority of and in full compliance with Ordinance No. Y-146 duly adopted by the City Council of said City on the 14th day of March, 1939, providing for repairs to the Fifth and Cleveland Streets Incinerator.

"This certificate shall be payable solely out of revenues of the Garbage Collection and Disposal System of the City of Jacksonville, namely: the net revenues of the Salvage Department of said system.

"IN WITNESS WHEREOF the City of Jacksonville has issued this certificate bearing date the ............ day of ............ A. D. 1939, has caused it to be signed by the Chairman and Secretary of the City Commission to be affixed thereto."

Paragraphs VII and VIII of the bill allege:

## "VII

"That the Garbage Collection and Disposal System of the City of Jacksonville is not an independent revenue producing asset or utility; but is organized and maintained by the City of Jacksonville in performance of a governmental function of any modern city for the promotion of the cleanliness of the entire city and for the benefit of the general public health of the city at large, as well as for the benefit of the particular citizens from whose homes and business establishments it removes waste materials.

## "VIII

"That the total expenditures of the said system for the years 1934-1938, both inclusive, amounted to $1,113,631.13

whereas the total revenues of the said system for the years 1934-1938, both inclusive, was $12,632.17. Attached hereto and by specific reference hereto duly incorporated herein and made a part hereof, and marked Exhibit B, is a table showing cost of operation of said system and gross revenues therefrom for each of the years heretofore mentioned."

Paragraphs 7 and 8 of the Answer allege:

"Answering paragraph 7 of the bill of complaint, these defendants deny that the garbage collection and disposal system of the City of Jacksonville is not an independent revenue-producing utility, and aver the truth to be that within said system there is a department commonly known as the Salvage Department, the function of which is to collect, segregate and sell old bottles, jars, rags, burlap, aluminum, brass, copper, iron and other metals, boxes, crates, hampers, paper of all kinds, ashes and other saleable articles; that ever since the first day of January, 1936, said Salvage department has collected, segregated and sold articles of the kind just mentioned, at an average annual total price of over $3,800.00 and that based upon experience, these defendants reasonably anticipate that said Salvage Department will sell and collect for such items during the next three years a greater amount, in that said garbage is steadily and continuously increasing in quantity, which will necessarily result in an increase in revenues by the Salvage Department.

"8. Answering paragraph 8, these defendants deny that the total expenditures for maintenance and operation of the Garbage Collection and Disposal Department of the City of Jacksonville for the years mentioned amounted to $1,113,631.13, and say that the revenues of said system were not as alleged, and aver the truth to be that the total expenditures of the Garbage Collection and Disposal Department of the City of Jacksonville for said years, were

$696,766.02; that $527,695.75 was derived from miscellaneous revenues of the City; that is, revenues derived from utilities of the City and other revenue-producing departments, and $169,070.20 was derived through taxation.

"Further answering said paragraph, these defendants say that the revenues mentioned in said paragraph were not the revenues of the Garbage Collection and Disposal Department, but the revenues of the aforesaid Salvage Department. Further answering said paragraph, these defendants say that said Salvage Department has produced gross revenue as follows, to-wit:

For the year 1936........................................................$3,971.47
For the year 1937........................................................ 5,134.50
For the year 1938........................................................ 2,544.96

and that said Salvage Department will produce during each of the years 1939, 1940, and 1941 a gross revenue in excess of the sum of $3,000.00. That the entire operating cost of said Salvage Department during each of said years in the past has not exceeded, and will not exceed during the next three years, the sum of $1,380.00 per annum."

The stipulation is:

"It is stipulated between the parties to this cause that it may now be finally heard on the bill, answer and the following additional facts:

"The only item of cost included in the amount of $1,380.00 set up in paragraph 8 of the answer is the salary of J. B. Stewart, designated on the payroll of the City of Jacksonville as 'salvage man,' who devotes approximately one-half of his time to the selection of reclaimable matter for sale from the waste material collected by the Garbage Collection and Disposal Department of the City of Jacksonville. This material is brought in along with the other waste material and there is no separation of the material

until after it is dumped at the incinerator. The discontinuance of the sale of the salvaged material would not eliminate the necessity for its collection nor for the employment by the city of a man to perform services similar to those now performed by said 'salvage man.' The designation of Salvage Department is not recognized in the accounting system of the City of Jacksonville, and the monies realized from the sale of the reclaimed waste material appears, in the accounting records of the City of Jacksonville as credits to 'Junk—St. Cleaning Dept.' on the control account designated as 'Deposits and Reserves, Departmental' along with monies realized from salvage in any other departments. These funds are kept in the indicated reserve account and about three times a year portions of the credit balances are transferred to the general fund.

"This 27th day of April, A. D. 1938.

"R. Gamble Mann
"Thos. H. Shad
　"Attorneys for Plaintiff
"Austin Miller
"Gov Hutchinson
　"Attorneys for Defendants."

So the question is whether or not the certificates are to be paid solely from the net earnings from a proprietory instrumentality operated by the municipality in connection with its garbage disposal system.

In Smoak v. City of Tampa, 123 Fla. 716, 167 Sou. 528, it was said:

"The second and only question necessary to be adjudicated is that of whether or not the plaintiff in error was engaged in the performance of such a governmental function when injured as would preclude his recovery.

"Generally the governmental or public duties of a municipality for which it can claim exemption from damages for tort have reference to some part or element of the state's sovereignty granted it to be exercised for the benefit of the public whether residing within or without the corporate limits of the city. All other duties are proprietary or corporate and in the performance of them the city is liable for the negligence of its employees. City of Pass Christian v. Fernandez, 100 Miss. 76, 56 So. 329, 39 L. R. A. (N. S.) 649.

"The difference between governmental and corporate duties is sometimes nebulous and difficult to classify but there is certainly nothing connected with garbage disposal that partakes of a public or governmental function. It was consequently one of the proprietary corporate duties for the negligent performance of which the city may be held liable. City of Tallahassee v. Kaufman, 87 Fla. 119, 100 So. 150; Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 So. 457; City of Pass Christian v. Fernandez, *supra.*"

While the terms of the ordinance are broad enough to contemplate the issuance of certificates which would involve the infirmity sought to be invoked against the certificates here involved, the record shows that the issuing authority is proceeding within the terms of the ordinance and so limiting the obligation as it, appears in the face of the proposed bonds so as to obviate that infirmity.

The bonds contain the provision:

"This certificate shall be payable solely out of revenues of the Garbage Collection and Disposal System of the City of Jacksonville, namely: the net revenues of the Salvage Department of said system."

The record shows that there is a net revenue derived from

the "Salvage Department" by the sale of junk salvaged from the garbage at the incinerator.

In State v. City of Tampa, 133 Fla. 240, 183 Sou. 491, there was involved the issuance of certificates secured by and payable solely out of income or revenue derived from delinquent municipal taxes.

In Brooks v. City of Jacksonville, 127 Fla. 564, 173 Sou. 365, we had before us the question of whether or not the City of Jacksonville could issue revenue certificates for improvements and extensions to its electric light plant, and, although it appears in that case that the net revenues of the plant had previously been pledged to secure certain refunding bonds issued by the City it was held that the revenue certificates sought to be issued were payable solely out of the anticipated income to be derived from the city's electric light plant and did not come within the inhibition of amended Section 6, Article IX of the Constitution.

In a later case, State v. City of Jacksonville, 131 Fla. 163, 179 Sou. 172, there was involved the issuance of additional revenue certificates for the purpose of making improvements to the electric light plant and we approved the decree of the court below holding the certificates valid.

The certificates sought to be issued here are for the purpose of producing funds with which to make imperatively needed repairs for handling the garbage and separating from it the saleable junk at the incinerator. While the Court is not concerned with reviewing the question of the wisdom of the manner of operating a facility of this sort by a municipality, it not only appears that the method adopted in this case was a wise and salutary one but is also within the powers of the municipal authorities. We hold that the certificates did not violate amended Section 6 of Article IX of the Constitution.

For the reasons stated, the decree is reversed with directions that the bill of complaint be dismissed.

So ordered.

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

WHITFIELD, J. (concurring).—It is here determined and adjudged that the legal effect of the ordinance and of each "Salvage Department Revenue Certificate" proposed to be issued by the city under the ordinance, *is not directly, indirectly or contingently or otherwise to pledge or to permit any taxable or other resource or asset whatever of the city* to be used in any way whatever to pay or to in any way discharge or satisfy in whole or in part any proposed "Salvage Department Revenue Certificate," except that the "net revenues of the Salvage Department of said" "Garbage Collection and Disposal System of the City of Jacksonville" *and only such net revenues* are to be used in the payment of said certificates; therefore such certificates totaling in amount not in excess of five thousand dollars payable one each in one, two and three years from date with interest, are not municipal "bonds" within the meaning and intendments of Section 6, Article IX, Constitution, as amended in 1930, so as to require a stated approving vote of the electorate of the city to authorize the certificate to be issued. Any other or further liability of the city on the certificates is excluded by the terms and intent of the certificates and the ordinance under which they are to be issued. See Williams v. Town of Dunnellon, 125 Fla. 114, 169 So. 631.