STATE, Appellant, v. CITY OF ST. PETERSBURG, Appellee.
198 So. 837
En Banc
Opinion Filed November 29, 1940

*Chester B. McMullen,* for Appellant;

*Carroll R. Runyon, Lewis T. Wray* and *Harry I. Young,* for Appellee.

TERRELL, C. J.—The City of St. Petersburg filed its petition in the circuit court to validate an issue of water-works revenue certificates, hereinafter designated as certificates, for the purpose of enlarging and improving its waterworks system, the primary enlargement being the purchase of the properties of Pinellas Water Company and Southern Water Company, both of which are under contract with the City to furnish it water and water facilities.

The certificates and the resolution authorizing them provided that they should be a charge only against the net revenues from the enlarged waterworks system and that they should not be payable from any other funds of the City nor constitute a debt against the City payable from taxes on real estate or other property. On final hearing, the Chancellor validated and confirmed the certificates. This appeal was prosecuted.

The first question challenges the power of the City to issue the certificates without an approving vote of the freeholders as provided by Section 6, Article IX, of the Constitution.

There is no merit to this contention. The principal and interest of the certificates is payable from the net revenue of the enlarged waterworks system and being so, this Court has repeatedly held that an approving vote of the freeholders is not required, there being no additional tax burden. State v. City of St. Petersburg, 135 Fla. 642, 185 So. 451.

The second, third, fourth, fifth and sixth questions challenge the power of the City (1) to acquire Pinellas Water Company and Southern Water Company, (2) whether or not such acquisition is essential to the health and safety of the city, (3) if acquired, has the City power to pledge the combined revenues of the enlarged waterworks system and (4) is it shown that if acquired, the enlarged waterworks system will be sufficient to pay the principal and interest of the certificates as they mature?

We have examined the provisions of the city charter, Chapter 15505, Special Acts of 1931, and we find that the City has ample power to acquire the properties of Pinellas Water Company and Southern Water Company and to impose a rate for furnishing water by the enlarged properties sufficient to pay the certificates as they mature. Whether or not the revenues contemplated are sufficient for the purpose contemplated is a matter of calculation and the record does not show that error was committed on this point by the City. Whether or not the acquisition of Pinellas Water Company and Southern Water Company is essential for the health and happiness of the city is not for the Court to determine. The City has determined that question and there is no showing whatever that its finding is arbitrary or contrary to law.

The seventh and last question raised challenges the right of the City to amend its petition to validate the certificates subsequent to the commencement of publication of the notice to taxpayers but before the answer to the petition was filed or any ruling made thereon.

It appears that the amendment to the petition was regularly made and was authorized by Equity Rule 41 and Section 4902 (10), Permanent Supplement, Compiled General Laws of 1927. It is further shown that the amendment in no sense affected the character, nature, or validity of the

water revenue certificates. It was, in other words, immaterial to the real issue in the case and was primarily for procedural purposes.

We find no error in the decree appealed from, so it is affirmed.

Affirmed.

WHITFIFLD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.