Petition by the City of Fort Lauderdale to obtain a decree validating an issue of municipal recreational revenue bonds, wherein an answer was tendered on behalf of the state and John L. Schmeller was permitted to intervene. From a judgment upholding the power of the city to issue the bonds without an approving vote of the freeholders, the intervenor appeals.
Judgment affirmed.
This appeal is from a final decree validating an issue of Recreational Revenue Bonds of the City of Fort Lauderdale, the proceeds to be used for the purpose of acquiring lands and constructing a municipal recreational center thereon. The petition to validate recites that the bonds will incur no obligation on the taxing power of the City, that the City will not secure said bonds with a lien upon the recreational center or on any other property of the city and that both principal and interest on said bonds will be payable solely from the revenue of the municipal recreational facilities, and from the proceeds of a utilities service tax and from no other source. The resolution authorizing the issuance of the bonds carries a similar provision with reference to payment of principal and interest thereon.
An answer to the petition was tendered on behalf of the State. The appellant was permitted to intervene and object to the validation on various and sundry grounds, but on final hearing the Chancellor held that the City had power to issue the bonds, that the contract for their sale was good, and that they could be issued without an approving vote of the freeholders as required by Section 6, Article IX of the Constitution, F.S.A. The intervenor appealed.
The first question for determination is whether or not the City of Fort Lauderdale may issue municipal Recreational Revenue Bonds and pledge the proceeds of its utility service tax to service them absent an approving vote of the freeholders.
In Zinnen v. City of Fort Lauderdale, Florida, Fla., 32 So.2d 162, this Court upheld the authority of the City to purchase lands on which to construct a recreational center and a yacht basin, to finance the cost thereof by issuing municipal recreational revenue bonds, the principal and interest to be serviced from revenues derived from the operation of the recreational facilities. Municipal Recreational Revenue Bonds were brought out by the City on this basis, but for reasons not pertinent *Page 38 
here they were not marketed, so the issue involved in this validation was brought out. The only difference between the bonds proposed in the present issue and those proposed in the former issue is that the utilities service taxes of the City are pledged as additional security to service the present bonds. So the main point raised in this case that was not raised and settled in the last cited case is whether or not the City of Fort Lauderdale can pledge the proceeds of its "utilities service taxes" as additional security to service its Recreational Revenue Bonds.
We think the Chancellor correctly answered this question in the affirmative. Part 1, Article 3, Section 1, Subparagraph (4) of Chapter 24514, Sp.Acts of 1947, Laws of Florida gives the City power to pledge the revenues derived from the leasing of its recreational facilities, including "any other available funds" to service the bonds. We think the point is concluded by this language and the case of State v. City of Winter Park, Fla., 34 So.2d 740. The utilities service tax was authorized by Chapter 22829, Acts of 1945, F.S.A. § 167.43 — 1.
We have examined Charles v. City of Miami, 125 Fla. 110,169 So. 589; Boykin v. Town of River Junction, 121 Fla. 902,164 So. 558 and other cases relied on by appellant but we do not think they rule the case at bar. In these cases we held that the bonds would not be valid until approved by a vote of the freeholders because the physical assets of the city were pledged to service them, while in this case they are payable solely from revenues derived from operating the facilities and certain net revenues of the utilities service tax. State v. Dade County, 146 Fla. 331,200 So. 848; State v. City of St. Petersburg, 145 Fla. 206,198 So. 837.
The next point presented is whether or not the City is authorized to levy and pledge the full ten per cent utilities service tax, so long as any of the bonds are outstanding and unpaid. It is further contended in this connection that the resolution pledging the utilities service tax is ultra vires because in violation of a prior contract between the voters and the City in which the city was authorized to levy a utilities service tax for various municipal purposes.
The City Charter heretofore referred to, authorizes the City to "pledge the revenues derived from any such facilities or any other funds to pay and discharge any bonds which might have been issued in connection with securing moneys to construct or improve such facilities." This and other charter provisions are sufficient to authorize the pledge of both funds involved here to service the bonds in question. We do not think there is any substance whatever to the contention that the legislature may repeal this authority after it has been exercised by the execution of contracts for the use of the funds. We are also convinced that there is no basis for the contention that the resolution pledging the utilities service tax is ultra vires.
It is finally contended that the contract between the City and Universal Construction Company for construction of the recreational project, the purchase of the bonds and the lease of the recreational facilities is illegal and void.
Appellant advances no logical reason to support this contention and we have been unable to find one. The trial Court found all proceedings leading up to the execution of the contract to be regular and we find no reason to reverse him. We think the purchase of the bonds and the leasing of the facilities were valid and binding and a legal exercise of the City's Charter powers. We hold further that these bonds do not constitute an obligation or debt of the City and no holder of any of them can ever coerce the taxing power of the city or enforce a tax on any real estate to service principal or interest on them.
It follows that the judgment appealed from must be and is hereby affirmed.
Affirmed.
THOMAS, C.J., and CHAPMAN and HOBSON, JJ., concur.
ADAMS, BARNS and BROWN, JJ., dissent. *Page 39