162 So.2d 513 (1964)
Charles D. SPRINGER, individually, and as co-partner of Springer Motor Company, et al., Appellants,
v.
Sherwood COLBURN, as Receiver of Michigan Surety Company, a Michigan corporation, Appellee.
No. 32725.
Supreme Court of Florida.
February 19, 1964.
Rehearing Denied April 21, 1964.
Sherwood Spencer and Ellis, Spencer & Butler, Hollywood, for appellants.
Moore & Moore, Miami, for appellee.
CALDWELL, Justice.
This cause is before us on interlocutory appeal to review the trial court's order which directly passed upon the validity of a state statute in striking a portion of appellant's answer. The defense stricken asserted that the application of F.S. § 631.201, F.S.A. to contracts antedating the effective date of that statute was unconstitutional. The lower court found that the application of the statute "does not impair the obligation of the contract entered into between the parties and is not contrary to the *514 Constitution of the State of Florida or the Constitution of the United States. * *"
The following are the pertinent dates and facts: October 1, 1958, purchase of insurance contract; October 1, 1959, effective date of F.S. § 631.201, F.S.A.; October 30, 1959, delinquency proceedings begun in Michigan against the insurance company; January, 1961, suit by insured against insurer for failure to pay a claim; March 23, 1961, judgment in suit by insured against insurer obtained in favor of insured; June 25, 1961, sheriff's sale of insurer's property to pay the judgment; October 3, 1961, complaint of insurance company filed seeking to set aside sheriff's deed; February, 1962, appointment in Michigan of Colburn as receiver.
In a suit to set aside the sheriff's deed, plaintiff below, appellee here, relied on F.S. § 631.201, F.S.A.,[1] which is as follows:
"During the pendency of delinquency proceedings in this or any reciprocal state, no action or proceeding in the nature of an attachment, garnishment or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by an such action or proceeding within four months prior to the commencement of any such delinquency proceeding or at any time thereafter shall be void as against any rights arising in such delinquency proceeding."
Appellant contends the statute effectively deprives him of any remedy within the State of Florida. Appellee urges that no substantive right of appellant is affected; that adequate substitute remedies are available under F.S. § 631.171(1), F.S.A. which provides that insured may file claims either with the domiciliary receiver or with the ancillary receiver, if any, appointed within the state; that when the contract was made, appellant's remedies were not "unbridled"; that, since the contract in question is affected with the public interest, the enactment of the Uniform Insurer's Liquidation Act[2] and its application is a proper exercise by the Legislature of its police power.
No case was cited and none is found touching the constitutionality of F.S. § 631.201, F.S.A. In Colburn v. Highland Realty Co.,[3] the District Court of Appeal, Second District, held a suit for specific performance of a contract for the sale of Florida realty could properly be maintained against the Michigan Surety Company notwithstanding the provisions of the Uniform Insurers Liquidation Act. However, the District Court held that the lower court erred in providing for the payment of those claims against the realty which were subordinate to the contract because such payment constituted in effect "an attachment, garnishment or execution" contrary to the statute. Constitutionality of the Uniform Act was not ruled on by the District Court.[4]
This Court has held that the business of insurance is affected with a public interest and as such is subject to reasonable regulation under the police power.[5] The legitimate exercise of the police power cannot constitute an impairment of contract.[6] *515 Reasonable regulation under the police power may include the alteration or modification of remedies in force at the time a contract is entered into.[7]
"However, it is well established that the Legislature may not, under the guise of modifying the remedy, impair the obligation of a contract, nor impair substantial rights secured by contract. A law which in operation amounts to a denial or obstruction of the rights accruing under a contract, although professing to act only on the remedy, violates the constitutional prohibition against the impairment of the obligation of contracts. Legislation which lessens the efficacy of the means provided by which a contract can be enforced impairs its obligation, as does legislation which tends to postpone or retard the enforcement of a contract. Any subsequent law which so affects the remedy existing at the time a contract is made as substantially to impair and lessen the value of the contract is forbidden by the Constitution and void."[8]
This Court has held:[9]
"The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced,  by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of those means impairs the obligation. If it tend (sic) to postpone or retard the enforcement of the contract, the obligation of the latter is to that extent weakened."
The United States Supreme Court stated the rule as follows:[10]
"It is an acknowledged principle that a creditor by contract has a vested right to the remedies for the recovery of the debt which existed at law when the contract was made, and the Legislature of a State cannot take them away without impairing the obligation of the contract, though it may modify them and even substitute others, if a sufficient remedy be left or another sufficient one be provided."
In the instant case, the law in force at the time the insurance contract was entered into provided means for the enforcement within the state. Appellee points out that the law[11] at the time the contract was made authorized the insurance commissioner, under certain conditions, to apply to the Circuit Court for the appointment of a receiver of an insolvent company. Such application was discretionary with the commissioner, however, and, absent the appointment of a receiver, an insured's right to recover and collect a judgment against an insolvent company, foreign or domestic, was governed by general law. In addition, policy holders of an insolvent company could bring an action to enforce a lien on bonds required to be deposited by insurers with the insurance commission.[12]
The passage of the Uniform Insurers Liquidation Act in 1959 changed the *516 picture considerably. The purpose of the act is to secure equal treatment for all creditors wherever situated.[13] Under the act two possible remedies are available to petitioner. First, he may file his judgment as a claim with the domiciliary receiver in Michigan. This is no substitute for remedies previously available within the state. The second alternative, that of filing his claim with an ancillary receiver in Florida, is likewise inadequate because petitioner cannot require the appointment of a receiver.[14] The Insurance Commissioner may obtain the appointment of an ancillary receiver if he finds that there are sufficient assets of the insolvent insurer within the state or if ten or more resident creditors petition.[15] However, notice to the Commissioner of the commencement of delinquency proceedings in another state, imposes no duty upon him to petition for an ancillary receiver to protect Florida creditors.[16]
In view of the foregoing it is obvious that remedies available under F.S. § 631.201, F.S.A. are inadequate substitutes for those available to petitioner at the time of the contract.[17] The power of the Legislature to regulate the liquidation of insolvent insurance companies by limiting prospectively the right of Florida creditors to enforce a Florida judgment against Florida assets is not questioned. We hold, however, that the effective curtailment of all remedies for enforcement of a Florida judgment based on breach of a contract entered into prior to enactment of the statute constitutes an impairment of contract prohibited by the United States Constitution, Art. 1, § 10.
Since nothing in the statute requires retroactive application[18] we construe it to operate prospectively only. A different construction would render the act unconstitutional.[19] We are aided in this construction by the saving clause[20] of the Insurance Code, of which F.S. § 631.201, F.S.A. is a part.
For the reasons above stated the order appealed from is reversed and the cause is remanded for proceedings not inconsistent herewith.
It is so ordered.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.
THOMAS, J., dissents.
NOTES
[1] This statute is part of the "Uniform Insurers Liquidation Act" adopted by Michigan in 1956 and part of the Florida Insurance Code since 1959.
[2] Fla. Stat. §§ 631.011(2-3), 631.031, 631.041, 631.141-631.211 (1961), F.S.A.
[3] 153 So.2d 731 (Fla.App.2nd 1963).
[4] The District Court stated (Id. at 736): "The constitutionality of this law [Uniform Insurers Liquidation Act] as it may affect the rights of the parties was not presented to the lower court, and is not now before this Court. At this point it is assumed, but not decided, that the law is a valid enactment."
[5] Feller v. Equitable Life Assurance Society, 57 So.2d 581 (Fla. 1952).
[6] 6 Fla.Juris., Constitutional Law § 277 (1956).
[7] State ex rel. Van Ingen v. Panama City, 126 Fla. 776, 171 So. 760 (1937).
[8] 6 Fla.Juris., Constitutional Law, § 282 at 505 (1956).
[9] State ex rel. Payson v. Chillingworth, 122 Fla. 339, 345, 165 So. 264, 267, (1936); Accord, State ex rel. Simmons v. Harris, 119 Fla. 375, 161 So. 374 (1935); State ex rel. Woman's Benefit Association v. Port of Palm Beach, 121 Fla. 746, 164 So. 851 (1935); State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508, 90 A.L.R. 704 (1933).
[10] City of Memphis v. United States, 97 U.S. 293, 295, 24 L.Ed. 920 (1877).
[11] Fla.Laws 1915, Ch. 6843 § 1 at p. 87, as amended Fla.Laws 1933, Ch. 16050 § 1 at p. 394.
[12] Fla.Laws 1909, Ch. 5889 § 4 at p. 36, as amended Fla.Laws 1915, Ch. 6853 § 2 at p. 119.
[13] 46 A.L.R.2d 1185 (1956) and cases cited therein.
[14] "631.152 Same; foreign insurers (1) Whenever under this chapter an ancillary receiver is to be appointed in delinquency proceedings for an insurer not domiciled in this state, the court shall appoint the commissioner as ancillary receiver. The commissioner shall file a petition requesting the appointment on the grounds set forth in § 631.091: (a) If he finds that there are sufficient assets of the insurer located in this state to justify the appointment of an ancillary receiver, or (b) If ten or more persons resident in this state having claims against such insurer file a petition with the commissioner requesting the appointment of such ancillary receiver. * * *"
[15] Ibid.
[16] Op. of Att'y Gen. 062-19, Jan. 19, 1962.
[17] Compare, Van Sant v. Duval Cattle Co., 116 Fla. 159, 159 So. 369 (1934), where remedies remaining were held adequate.
[18] In re Seven Barrels of Wine, 79 Fla. 1, 17, 83 So. 627, 632 (1920): "A statute is not to be given a retrospective effect, unless its terms show clearly that such an effect was intended."
[19] Keith v. Culp, 111 So.2d 278 (Fla.App. 1st 1959) cert. denied, 114 So.2d 5 (Fla. 1959); Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (1942); In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627 (1920).
[20] "624.20 Saving clause This code shall not impair or affect any act done, offense committed or right accruing, accrued, or acquired or liability, penalty, forfeiture or punishment incurred prior to the time it takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this code had not been passed."