DREW, Justice.
J. O. Miller, a taxpayer of St. Augustine, intervened in a bond validation proceeding, suffered an adverse decree and appeals. The decree validated $300,000 of improvement revenue bonds of the City of St. Augustine. He argues 62 assignments of error under 16 points all of which he says are involved in the appeal.
The City adopted an ordinance authorizing the issuance of the bonds involved in this appeal on the 18th day of December, 1956. The ordinance found that the construction or acquisition of improvements to the bay front area of the City, including the widening thereof and the construction and acquisition of parking facilities therein, was imperative in order to preserve the public health and safety of its citizens and was essential to the physical and economic welfare of said City; it further found that the acquisition, construction or reconstruction of a municipal yacht pier was urgently needed in order to preserve the welfare and safety of the citizens of said City and it was essential that the acquisition, ■ construction or reconstruction of such municipal yacht pier be accomplished in accordance with the provisions of the ordinance. It further determined that the annual proceeds from a tax on the franchise to the Florida Power and Light Company was unencumbered and that it was desirable to pledge such tax during the period of the franchise or any extension thereof or so much as was necessary to pay the principal and interest of the bonds proposed to be issued for the accomplishment of the purpose of the ordinance. In paragraph D of the ordinance it was provided that the work should be done “substantially in accordance with the plans and specifications heretofore filed with and approved by the City Commission of the City of St. Augustine.”
The ordinance specifically provided that the bonds should not constitute an indebtedness of the City of St. Augustine but should be payable solely from the proceeds of the franchise tax therein pledged. It further provided that no holder of any bond issued under the authority of the ordinance should ever have the right to compel the levy of an ad valorem tax or the exercise of the ad valorem taxing power of the City to pay said bonds or any interest ever due thereon.
The City Charter provides, in Chapter 18873, Acts of 1937 (an act amending Section 7 of Section 1, Chapter 14375, Acts of 1929):
“Section 7. The City of St. Augustine, Florida, by and through its City Commission, shall have and is hereby granted the right, power and privilege: * * *
“To establish, build, construct, maintain and operate public lands, public wharves, docks and toll bridges within the City; * * * to dredge or to deepen the harbor or rivers, or any branch or portion thereof, within the limits of said City; * * *
“To develop by filling, platting, bulk-heading, reclaiming, dredging, subdividing, or otherwise improving as may be prescribed by the City Commission for the health, comfort, conven *258 ience and amusement of the inhabitants of said City, all lands acquired by the said City, by purchase or otherwise, * * *
“The enumeration of the particular powers herein shall not be construed or held to be exclusive, but in addition to the powers enumerated herein, implied thereby or appropriate to the exercise thereof, the City of St. Augustine, Florida, shall have, and may' exercise thereof all other powers which are conferred upon Cities by the General Laws of which, under the Constitution and Laws of Florida, it is and would be competent for this Section expressly to enumerate.”
Under the authority of City of Panama City v. State, Fla.1957, 93 So.2d 608 and State v. City of Clearwater, 1938, 135 Fla. 148, 184 So. 790, the foregoing legislation clearly confers upon the City the authority to make the improvements involved in this appeal.
 Appellant questions the authority of the City to pledge the franchise tax to the payment of these obligations. This question was decided adversely to appellant’s contention in State v. City of Miami, Fla.1954, 76 So.2d 294, where we approved an issue of six million dollars of revenue bonds payable from a similar tax levied on the same utility. In that case we held that such bonds may be lawfully issued without submitting the same to the freeholders of the City for approval or rejection. This case disposes not only of the contention of the appellant concerning the authority of the City to pledge the franchise tax but also the point raised by him relating to the necessity of submitting the question of the issuance of said bonds to the freeholders.
Appellant strongly urges that the construction of the improvements contemplated by the ordinance would destroy the old seawall along Bay Street which constitutes an ancient landmark which, under the charter of the City of St. Augustine, it is the duty of the City Commissioners to preserve. We have examined the section of the City Charter referred to but it does nothing more than provide that the preservation, restoration and maintenance of the City’s ancient landmarks, sites, buildings, etc. is for the pleasure, benefit and general welfare of its citizens. In fine it authorizes the expenditure of funds for such purpose by declaring the same to be a municipal purpose. There is no restraint in the charter upon the removal or destruction of the same when necessary to meet the requirements of modern conditions or to serve the general welfare of the people. These are matters peculiarly within the powers of the elected representatives of the people. It may be in the public interest to preserve these things as they have been for generations, but we find no prohibition in the laws against removing or altering them. The proposed improvements in this area of the City of St. Augustine were authorized only after careful study had been made by the elected representatives of the people and qualified engineers.
The appellant urges that “detailed plans and specifications” were not attached to the original ordinance authorizing the issuance of these bonds as was recited therein. There may be a technical foundation for this argument, but our examination of the record reveals that the City had before it at the time the ordinance was adopted sufficient evidence and plans upon which to predicate the judgment in the ordinance authorizing these improvements. The record contains drawings and other data with reference to the estimated cost of these improvements upon which we think the City officials could act with intelligence. Such evidence was clearly sufficient for any interested citizen to determine the nature and the extent of the improvements. That is all that is required. We think the administrative action taken during the course of the investigation of the propriety and desirability of this civic improvement was sufficient to warrant the *259 enactment of the ordinance under question. The minor deviations and technical omissions pointed out and argued by appellant do not affect the validity of the bonds authorized and validated by the final decree.
All other points raised by appellant have been carefully considered by us. We find them to be without merit.
The decree appealed from is hereby
Affirmed.
TERRELL, C. J., HOBSON, THORNAL and O’CONNELL, JJ., and CARROLL, District Judge, concur.