STATE v. CITY OF TAMPA, a Municipal Corporation.

183 So. 491.
Opinion Filed September 26, 1938.

*J. Rex Farrior,* for Appellant;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellee.

PER CURIAM.—The appeal brings for review a decree of

validation of certain proposed Delinquent Tax Anticipation Notes of the City of Tampa, Florida, in the sum of $750,-000.00.

The decree involved is as follows:

"This cause coming on to be heard on the 31st day of August, 1938, at the hour of ten o'clock A. M. of said day, at the Circuit Court Room in the Court House in the City of Tampa, in the County of Hillsborough in said Circuit, upon the petition of said City of Tampa for the validation of $750,000.00 Delinquent Tax Anticipation Notes of said City of Tampa, pursuant to an order heretofore issued by this Court against the State of Florida, requiring it, through its State Attorney for the Thirteenth Judicial Circuit of Florida, to show cause at said time and place why the said Delinquent Tax Anticipation Notes should not be validated and confirmed as was prayed in said petition, and it appearing that copies of said Order and petition were served upon said State Attorney, that notice of said hearing directed to the taxpayers and citizens of said City of Tampa was published, and that said State Attorney has filed an Answer, all as required by law, and it further appearing that no one except the said State Attorney and the said City of Tampa has made any appearance or filed any pleading or paper of any kind whatever in said matter, and evidence having been introduced and the cause submitted for consideration and decision, the Court, having heard and determined all of the questions of law and of fact in the cause, finds as a fact:

"That all of the material allegations in said petition for validation are true and that said $750,000.00 Delinquent Tax Anticipation Notes have been legally authorized. As conclusions of law from said finding of fact the Court finds:

"(1) That Chapter 16730, Special Laws of Florida, 1933, fully authorizes the issuance of said $750,000.00 Delinquent Tax Anticipation Notes and their issuance has been duly provided for by resolution properly adopted by the Board of Representatives of the City of Tampa.

"(2) That the City of Tampa and the Mayor, Comptroller and City Attorney of said City, as Trustees, are authorized in order to protect the rights of the holders from time to time of said notes and to make adequate provisions for the payment of the principal and interest of the notes, to covenant that they will not accept or receive bonds, coupons or other obligations of the City of Tampa in payment of the delinquent taxes pledged to the payment of the notes, or in the payment or discharge of the tax certificates pledged to said notes, or in the redemption from tax sales of lands purchased by the City and held as security for said notes, and to covenant further that said delinquent taxes and tax certificates pledged to secure the payment of said notes shall be paid and discharged solely by the payment and receipt of money, and not otherwise; and that said City and said Trustees are authorized to covenant as aforesaid, and the holders from time to time of said notes shall have power to enforce such covenants, notwithstanding the provisions of Chapter 16251, General Laws of Florida, 1933, or Chapters 16718 or 16719, Special Laws of Florida, 1933, Chapter 17401, General Laws of Florida, 1935, or Chapter 18944, Special Laws of Florida, 1937, or the provisions of any similar law purporting to authorize the City of Tampa to receive its bonds, coupons or other obligations in the payment or discharge of taxes or tax liens due to the City, or in redemption from tax sales of lands held by the City on account of unpaid taxes.

"(3) That the notes proposed to be issued by the City of Tampa are not 'bonds' within the contemplation of

amended Section 6 of Article IX of the Constitution of Florida and within the purview of the specific prohibitions and limitations of that section as to issuance of 'bonds' and therefore it is not necessary that the qualified freeholders of the City of Tampa approve the issuance of said notes in an election under the provisions of said amended Section 6 of Article IX.

"(4) That the provisions of Chapter 16730, Special Laws of Florida, 1933, which provide that the ·delinquent taxes and tax certificates pledged to the payment of the notes shall remain in the hands of the Mayor, Comptroller and City Attorney of the City of Tampa, and which designate said Mayor, Comptroller and City Attorney of the City to act as Trustees of the same, to take the necessary steps and to bring the necessary suits to enforce the collection thereof, and to place the proceeds of collection of such delinquent taxes and tax certificates in a special fund and to apply the same solely to the payment of the principal and interest of said notes, are lawful and do not create a conflict or confusion between the functions of said officers as officers of the City and their functions as Trustees under the provisions of said Chapter 16730, and the Legislature of the State of Florida, in the exercise of its plenary authority over municipal corporations in said State, has full power to include the above mentioned provisions as a part of Chapter 16730, such provisions being proper for the protection of the holders of the notes and for better assuring the collection of the necessary sums of money to pay the principal and interest of said notes.

"It is, therefore, the judgment of the Court that:

"(a) The delinquent taxes and tax certificates pledged to the payment of the notes, and the lands which may hereafter be acquired by the City of Tampa in the enforcement of such delinquent taxes, cannot be paid, discharged or re-

deemed in bonds, coupons or other obligations of the City of Tampa, and such taxes, tax certificates and lands must be paid, discharged or redeemed solely by the payment and receipt of money and not otherwise;

"(b) No election is necessary in order to authorize the issuance of said notes;

"(c) The Mayor, Comptroller and City Attorney, as Trustees, can properly assume the duties and perform the obligations which are provided for in Chapter 16730, Special Laws of Florida, 1933, and in the resolution of the Board of Representatives of the City of Tampa which authorized the issuance of said notes, which duties relate to the enforcement and collection of the delinquent taxes and tax certificates pledged to the payment of said notes, and to the application of the proceeds of such collection to the payment of the principal and interest of said notes.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the said $750,000.00 Delinquent Tax Anticipation Notes of the City of Tampa, hereinafter more particularly described, be and the same are hereby validated and confirmed.

"Said Delinquent Tax Anticipation Notes are dated August 1, 1938, mature August 1, 1941, and bear interest at the rate of 3½% per annum, payable semi-annually on the first days of February and August of each year. Said notes are subject to redemption at the option of the Board of Representatives of the City of Tampa on the first day of any month, in the order of their numbers, lowest numbers first, at the principal amount thereof and accrued interest. Both the principal of and the interest on said Delinquent Tax Anticipation Notes are payable at the First National Bank of Tampa, in the City of Tampa, Florida, in any coin or currency of the United States of America,

which at the time of payment is legal tender for public and private debts.

"In case of default in the payment of the interest on any of said notes, the principal of each note, together with interest accrued thereon, shall immediately become due and payable.

"Said notes are secured solely by, and are payable only out of, the delinquent taxes which, at the time of the adoption of the resolution authorizing their issuance, were due and owing to the City of Tampa for the tax years 1932 to 1937, inclusive, including tax certificates against delinquent taxes for such years but excluding 1937 taxes and tax certificiates against property upon which 1936 taxes were not then delinquent.

"DONE AND ORDERED in open Court at the Court House in the City of Tampa, Florida, this 31st day of August, 1938."

The findings of fact are amply supported by the record and the Circuit Judge has properly applied the controlling legal principles.

The record discloses no reversible error in the proceeding or in the entry of the decree and, therefore, the decree is now affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN, J., concur specially.

ELLIS, C. J. (concurring specially).—I agree to the conclusion reached in this case upon the ground that Chapter 16730, Special Acts of 1933, authorizes the City of Tampa to: "Borrow Money Against, Payable Out of, and Secured by, Delinquent Taxes Due and Owing the said City," and

that no proceedings for the validation of bonds of certificates of indebtedness are necessary, under the provisions of Section 5106, *et seq.*, C. G. L., 1927, to validate the proposed so-called certificates of indebtedness.

The proposition here, as I understand it, is merely to hypothecate the delinquent taxes due the City of Tampa at the time that these notes are to be issued as security for the payment of these notes, and in no wise involves the obligation of the city to levy any tax whatsoever in the future to pay such anticipation certificates.

BROWN, J., concurs.