THE STATE OF FLORIDA, Appellant, v. COUNTY OF MONROE, STATE OF FLORIDA, etc., *et al.*, Appellees.

3 So. (2nd) 754
En Banc
Opinion Filed September 5, 1941

G. A. *Worley,* State Attorney, for Appellant.

*Julius F. Stone, Jr.,* for Appellee.

TERRELL, J.—Pursuant to Chapter 17708, Acts of 1937, as amended by Chapter 19213, Acts of 1939, the Board of County Commissioners of Monroe County adopted a resolution authorizing a bond issue to acquire property and construct a county airport, an election having been previously held and a majority of the free holders having approved such a bond issue.

A petition to validate the bonds was filed and the notice to taxpayers and citizens was duly published. The State Attorney representing the State filed a return to said petition in which he challenged the truth of the allegations therein including the power or authority to validate the bonds. On final hearing, the Circuit Court made findings of fact and law and entered his decree validating the bonds. The State appeals from the final decree.

The first question presented is whether or not Chapter 17708, Acts of 1937, as amended by Chapter 19213, Acts of 1939, authorizes Monroe County to issue bonds for the construction of an airport and if so, can such bonds be said to be for a county purpose as contemplated by Section 6, Article IX of the Constitution.

Chapter 17708, Acts of 1937, is a general law, the very purpose of which is to authorize any county in the State to acquire property for and to construct and maintain an airport. We hold it to be ample for this purpose and to authorize the county commissioners to raise the money to accomplish it by taxation, the issue of bonds or by such other means as they may deem expedient. On the question of whether or not an airport is a county purpose, it is sufficient to say that the legislature has determined that question; the county commissioners have also determined it and there is no basis here to reverse that finding.

What constitutes a county purpose under the Constitution is a question of fact, the determination of which by a duly constituted fact finding body will not be reviewed by this Court unless the finding is shown to be arbitrary and unfounded. What constitutes a county purpose is not static and inflexible. If we had been confronted with this question in the days of the pony express, we would have doubtless held the act bad but in a day when the country is air minded, when travel and commodity conveyance by air is such a vital part of the daily life and is so intimately connected with the general welfare we must refrain from holding that it is not a proper county purpose as contemplated by the Constitution.

The second question is whether or not the election

to approve the bond issue was held in compliance with Section 6, Article IX, of the Constitution and whether or not a majority of the freeholders approved the bonds.

It is admitted that the election was held in compliance with Chapter 14815, Acts of 1931, but it is suggested that the provisions of Section 2311, Compiled General Laws of 1927 should have also been complied with. There is no merit to this contention. Chapter 14715, Acts of 1931, provides a complete scheme for holding elections to approve bond issues of this kind and when so done, no other act is required to be observed. In addition to this, it is not out of place to say that the legislature of 1941 enacted Chapter 21410 validating all acts of the Board of County Commissioners in the conduct of the election and the issue of the bonds brought in question.

In the matter of whether or not a majority of the freeholders approved the bonds, it is suggested in briefs that separate ballots were provided for those who owned nothing but a homestead and those who owned additional property to a homestead but the chancellor found that a majority of those qualified to vote participated in and approved the bonds so there was nothing in this procedure authorizing a reversal. The record shows that the vote of both classes was practically unanimous in support of the bonds.

It is finally contended that the bonds brought in question are invalid because of a covenant that only lawful money of the government will be accepted in payment of taxes to service them.

We do not think there is any merit to this contention but if there had been, it was cured by Chapter

21410, Acts of 1941. Appellant seems to rely on State vs. City of Tampa, 133 Fla. 841, 183 So. 491, to support this contention but we do not consider it in point.

The judgment appealed from is therefore affirmed.

WHITFIELD, Acting C. J., BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concurring.

BROWN, C. J., absent, not participating.