J. TOM WATSON, as Attorney General of the State of Florida, v. J. EDWIN LARSON, as Treasurer of the State of Florida.

33 So. (2nd) 155                                          June Term, 1947
December 16, 1947                                              En Banc.

*J. Tom Watson,* Attorney General, *Sumter Leitner* and *Ernest W. Welch,* Assistant Attorney General, for appellant.

*Ausley, Collins & Truett, Parker, Foster & Wigginton* and *Will M. Preston,* for appellee.

ADAMS, J.:

A bill was filed by Honorable J. Tom Watson, an Attorney General, against Honorable J. Edwin Larson, as Treasurer of Florida, to test the legality of Chapter 23616, Acts of 1947, appropriating $2,000,000.00 to be delivered to the United States Government to purchase land and establish the Everglades National Park. The real gist of the bill is in paragraph IX which reads:

"The said chapter violates Sections 2, 3 and 4 of Article IX of the Constitution of Florida, in that the appropriation attempted to be made constitutes a gift of the money belonging to the people of the State of Florida to the United States and the appropriation of said money is not a state purpose and the expenses to be paid out of said fund are not state expenses."

Section 1 of the Act in question provides:

"There is hereby appropriated out of the General Revenue Fund of the State of Florida the sum of Two Million Dollars $2,000,000.00) for providing the State of Florida with a fund in such amount to be transferred by the State of Florida (by warrant upon requisition therefor by the Governor of the State of Florida) to the United States of America for use by the United States of America or the National Park Service thereof in paying for the acquisition of all privately owned and other lands and interests within the Everglades National Park area by the United States of America or the National Park

Service thereof, and in paying for the costs and expenses required in connection with such acquisition."

Soon after filing the bill the Trustees of the Internal Improvement Fund were allowed to intervene. Likewise an order was entered allowing the Everglades National Park Commission to intervene.

The sufficiency of the bill was then tested upon motions to dismiss filed by defendant Larson and the two intervenors. The lower court granted the motions and the Attorney General appeals.

In a large measure the Attorney General's contention rests on the assertion that the $2,000,000.00 is an outright gift to the federal government; that once paid the state has no control over the expenditure and no guarantee that it will be used to acquire and maintain a park.

To begin with, the power of the legislature to appropriate public funds to establish public parks is not open to question. It is true that the means employed by the legislature in this case are indirect in that the funds were appropriated and directed paid to an agency over which it had no further control. This action resolves into a question of policy rather than law. We have reviewed the entire transaction and we cannot say that the executive and legislative branches of our state government have arbitrarily exceeded their authority or that their acts in bringing into being this park have been so unreasonable as to warrant an injunction to restrain them.

The grant is to a most responsible agency. The recipient has no interest inconsistent with the legislative purpose.

This attack is directed at one link in a long official chain of events devoted to the purpose of creating the twenty-eighth national park to be known as the Everglades National Park. Whatever this court thinks of the legislative wisdom in creating the park is quite immaterial. The wisdom and policy must rest with the legislative branch of the government. This court cannot say that the general welfare of the state will not be served. It is a legislative prerogative to determine a state purpose to be served. It is perfectly obvious that for all time to come Florida, in particular, will reap immeasurable benefits from this park. Demand for the park has claimed the at-

tention of the Legislature of Florida as far back as 1929 when by Chapter 13887 the Tropic Everglades National Park Commission was created for the purposes of acquiring lands and transferring same to the United States Government without cost. By legislative direction the commission was to work in full cooperation and harmony with the Department of the Interior in bringing about this park.

As far back as 1934 the National Congress approved this undertaking. 16 U.S.C.A. § 410. Thereafter it became a joint endeavor and purpose of the National and State Governments. since then their duly authorized agencies have performed numerous acts to effectuate the common goal. Finally the legislature concluded that it was better policy to place these funds in the control of the United States Government to acquire the remaining lands found necessary for the park rather than have a state agency use the funds in acquiring the land. Otherwise stated, if the state could have acquired the lands and had given them to the federal government for a park then it might as well have given the money with which to buy the lands. This procedure has not been disapproved by other courts in similar cases. See Vrooman v. City of St. Louis, 337 Mo. 933, 88 S.W. (2nd) 189; Woolwine v. Mason, 128 Tenn. 35, 157 S.W. 682; State ex rel. Third National Bank v. Smith, 107 Mo. 527, 17 S.W. 901; Hollenburg Music Co. v. Morris, (Tex. Civ. App.), 35 S.W. 396.

This appropriation should not be condemned because the title and management of the park will rest in the federal government. The privilege to enjoy the educational and recreational benefits will inure to the entire public to share in common with all the people. This court has frequently declined to enjoin the expenditure of the public funds where sought to promote recognized public functions. The rule is not limited to cases where the functionary is in the exclusive control of the state or a state agency. State v. Gordon, 138 Fla. 312, 189 So. 437; Lott v. City of Orlando, 142 Fla. 338, 196 So. 313; State v. Florida Keys Aqueduct Commission, 148 Fla. 485, 4 So. (2nd) 662; State v. City of Miami, 150 Fla. 270, 7 So. (2nd) 146; Board of Commissioners v. Board of Pilot Commissioners, 52 Fla. 197, 42 So. 697.

We find nothing in the Constitution which would preclude the legislature from enacting Chapter 23616 and no error in the decree appealed from and the same is affirmed.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, SEBRING and BARNS, JJ., concur.