ADKINS, Justice.
This is a direct appeal from the final judgment of the circuit court in Polk County, Florida, validating certain revenue bonds. Art. V, § 3(b)(2), Fla.Const.; § 75.-08, Fla.Stat. (1977).
The revenue bonds were authorized under the provisions of chapter 78-89, Laws of Florida; section 159.601, Florida Statutes (1978) et seq., known as the “Florida Housing Finance Authority Law”, (hereinafter referred to as the Florida Housing Law).
When this law was enacted, the legislature made a finding that there was a shortage of housing and capital for investment in housing in this state; that this shortage was a threat to the “health, safety, morals, and welfare” of the residents of the state; that such shortage could not be relieved except through the encouragement of investment by a private enterprise; and, that:
The financing, acquisition, construction, reconstruction, and rehabilitation of housing and of the real and personal property and other facilities necessary, incidental, and appurtenant thereto are exclusively public uses and purposes for which public money may be spent, advanced, loaned, or granted and are governmental functions of public concern.
§ 159.602(3), Fla.Stat. (1978).
These findings contained in section 159.-602, Florida Statutes (1978), were sufficient to show an express determination by the legislature that the housing authority law related to a matter of public concern and related to a proper governmental function.
The Board of County Commissioners of Polk County created the Housing Finance Authority of Polk County, (hereinafter referred to as the “Authority”). The county commissioners had an open meeting and heard testimony concerning the existing shortages of capital and housing. The commissioners then made the necessary findings and expressed a need for the Authority in order to alleviate the shortage of housing and the capital for investment in housing within the county.
The Authority then held a series of meetings, during which testimony was taken, a report from an economic consulting firm was considered, and then determined that there was a shortage of affordable housing and capital available for investment in housing. Following the guidelines set forth in Florida Housing Finance Authority Law, the Authority filed a petition in circuit court seeking the validation of revenue bonds. The state of Florida filed its answer denying generally the validity of the bonds. Final judgment was rendered validating the bonds, and the state of Florida appealed.
*1160 The state says that the issuance of the bonds and the use of the proceeds to purchase mortgages of private residences is not a proper public purpose, relying upon State v. Washington County Development Authority, 178 So.2d 573 (Fla.1965). The Washington case held that the financing of a single private construction project by the issuance of revenue bonds by a public agency was, under the facts of that case, not constitutionally permissible because in violation of art. IX, section 10, Florida Constitution of 1885. The purpose sought to be achieved by the Washington bonds was the improvement of the general economy of the county. In Washington, there was no legislative determination of public purpose and this Court found that the proposed housing development was not related to the public health, safety, morals, or welfare, but was only for the convenience of a fragment of the public.
 In the case sub judice, there existed a specific finding by the legislature, the Board of County Commissioners, and the Authority that the project is related to the health, safety, morals, and welfare of the residents of Polk County. What constitutes a public purpose is, in the first instance, a question for the legislature to determine, and its opinion should be given great weight. Jackson Lumber Co. v. Walton County, 95 Fla. 632, 116 So. 771 (1928). A legislative declaration of public purpose is presumed to be valid, and should be deemed correct unless so clearly erroneous as to be beyond the power of the legislature. Wald v. Sarasota County Health Facilities Authority, 360 So.2d 763 (Fla.1978); Nohrr v. Brevard County Educational Facilities Authority, 247 So.2d 304 (Fla.1971); Price v. City of St Petersburg, 158 Fla. 705, 29 So.2d 753 (1947); State v. Monroe County, 148 Fla. 111, 3 So.2d 754 (Fla. 1941).
The findings by the legislature contained in section 159.602, Florida Statutes (1978), should not be disturbed. We find that the issuance of the Authority’s revenue bonds is adequately supported by a proper public purpose.
Also, the constitution has been revised since the Washington case was decided. The prohibition against the lending of public credit was materially changed by the constitution of 1968. We have pointed out that the lending of credit means the assumption by the public body of some degree of direct or indirect obligation to pay a debt of the third party. Where there is no direct or indirect undertaking by the public body to pay the obligation from public funds, and no public property is placed in jeopardy by a default of the third party, there is no lending of public credit. Nohrr v. Brevard County Educational Facilities Authority; supra.
Under the constitution of 1968, it is immaterial that the primary beneficiary of a project be a private party, if the public interest, even though indirect, is present and sufficiently strong. State v. Putnam County Development Authority, 249 So.2d 6 (Fla.1971). Of course, public bodies cannot appropriate public funds indiscriminately, or for the benefit of private parties, where there is not a reasonable and adequate public interest. An indirect public benefit may be adequate to support the public participation in a project which imposes no obligation on the public, and the qualification of the direct beneficiary complies with the principles of due process and equal protection.
No ad valorem taxes can be levied by the Authority, and the bonds which the circuit court validated in this case are not, and cannot be, payable from ad valorem taxes. The provisions of article VII, section 12, Florida Constitution, are not applicable. State v. City of Sunrise, 354 So.2d 1206 (Fla.1978).
We have carefully examined all the provisions of the Housing Finance Authority Law, chapter 159, part IV, Florida Statutes (1978), and find that the statute, as a whole, provides adequate guidelines and does not improperly delegate the legislative power of the state to the Authority. The law does not violate article III, section 1, Florida Constitution.
*1161 In summary, we hold that the record demonstrates a public purpose for the proposed bond proceeds; that the bonds may be issued without referendum; and, that there was no unlawful delegation of authority in the Florida Housing Finance Authority Law.
The judgment of the circuit court validating the bonds issued is affirmed.
It is so ordered.
ENGLAND, C. J., and BOYD, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.