Mr. Warren O. Tiller County Attorney Volusia County Post Office Box 429 DeLand, Florida 32720
Dear Mr. Tiller:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS VOLUSIA COUNTY AUTHORIZED TO LOAN COUNTY FUNDS TO THE CITY OF DAYTONA BEACH AND THE DAYTONA BEACH COMMUNITY REDEVELOPMENT AGENCY FOR A PROJECT UNDERTAKEN PURSUANT TO PART III, CH. 163, F.S. (1984 SUPP.), THE "COMMUNITY REDEVELOPMENT ACT OF 1969"?
I would note initially that Volusia County has adopted a home rule charter and that this office has no information regarding any charter provisions relating to this transaction. Therefore, no comment is expressed herein regarding any provision of the county charter.
Your letter states that the purpose of the proposed loan from the county to the city is to enable the Daytona Beach Redevelopment Agency to provide assistance to a private developer and to acquire a site for a convention hotel to be located within a blighted area of the City of Daytona Beach pursuant to Part III, Ch. 163, F.S. The Volusia County Council has passed resolution number 85-86 which states that the redevelopment of the "Main Street Redevelopment Area" and the implementation of the community redevelopment plan serve a substantial purpose and benefit and that a loan of county funds for such a purpose by Volusia County serves a county public purpose.
In addition to requesting an opinion regarding the validity of this proposed loan of county funds, you have asked that this office address federal tax questions raised by the transaction. The Attorney General's office is authorized to interpret provisions of state law; any question relating to federal law must be addressed to the appropriate federal agency.
Section 10, Art. VII, State Const., prohibits the state or a county, municipality, special district or any agency thereof from lending or using its taxing power or credit to aid any private corporation, association, partnership or person. The purpose of this provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited." Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971). Cf., State v. Town of North Miami, 59 So.2d 779 (Fla. 1952); Bailey v. City of Tampa, 111 So. 119 (Fla. 1926). Thus, the applicability of the constitutional prohibitions contained in s. 10, Art. VII, State Const., are dependent in part on whether a valid public purpose is involved. The determination of what constitutes a valid public purpose for the expenditure of public funds is, at least initially, a determination for the Legislature. State v. Housing Finance Authority of Polk County, 376 So.2d 1158, 1160 (Fla. 1979). And see, Jackson Lumber Co. v. Walton County, 116 So. 771
(Fla. 1928). Cf., Watson v. Larson, 33 So.2d 155 (Fla. 1947), cert. den., 333 U.S. 862 (1948). A legislative declaration of public purpose is presumed to be valid, and should be deemed correct unless so clearly erroneous as to be beyond the power of the Legislature. See, State v. Housing Authority of Polk County, supra. And see, Wald v. Sarasota County Health Facilities Authority, 360 So.2d 763 (Fla. 1978); Nohrr v. Brevard County Educational Facilities Authority, 247 So.2d 304 (Fla. 1971); Price v. City of St. Petersburg, 29 So.2d 753 (Fla. 1947); State v. Monroe County, 3 So.2d 754 (Fla. 1941). Cf., Linscott v. Orange County Industrial Development Authority, 443 So.2d 97 (Fla. 1983); AGO 77-97.
Part III, Ch. 163, F.S., as amended, the "Community Redevelopment Act of 1969," represents the state's response to the threat to the public health, safety, morals and welfare from the development or spread of slums and urban blight. See, s. 163.335, F.S. (1984 F. Supp.). The act encourages community redevelopment and provides for the redevelopment of slums and blighted areas. See, s.163.340(9), F.S. (1984 Supp.), defining "community redevelopment" as "undertakings, activities, or projects of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight or for the provision of affordable housing, whether for rent or for sale, to residents of low or moderate income, including the elderly, and may include slum clearance and redevelopment in a community redevelopment area or rehabilitation or conservation in a community redevelopment area, or any combination or part thereof, in accordance with a community redevelopment plan and may include the preparation of such a plan." See also, ss. 163.340(10) and (11), F.S., respectively defining "community redevelopment area" and "community redevelopment plan." Part III of Ch. 163 provides, inter alia, for the creation of community redevelopment agencies (s. 163.356, F.S. [1984 Supp.]; the powers to be exercised by counties, municipalities and community redevelopment agencies under the act (s. 163.370, F.S. [1984 Supp.]; the issuance of revenue bonds by a county, municipality or community redevelopment agency to finance community redevelopment (s. 163.385, F.S. [1984 Supp.]; and certain activities and areas of cooperation by public bodies for aiding in the planning, undertaking, or carrying out of community redevelopment and related activities (s. 163.400, F.S. [1984 Supp.].
With respect to community redevelopment pursuant to Part III, Ch.163, F.S. (1984 Supp.), the Legislature has determined such activity to be a proper subject for the expenditure of public funds. See, s. 163.335(3), F.S. (1984 Supp.) ("[t]he powers conferred by this part are for public uses and purposes for which public money may be expended . . . and the necessity in the public interest for the provisions herein enacted is hereby declared as a matter of legislative determination"); s. 163.335(5), F.S. ("[t]he elimination or improvement of [housing shortages for low or moderate income residents and the elderly] is a proper matter of state policy and state concern and is for a valid and desirable public purpose"). See also, State v. Leon County, Florida,410 So.2d 1346 (Fla. 1982); State v. Miami Beach Redevelopment Agency,392 So.2d 875 (Fla. 1980). If the purpose to be achieved constitutes a valid public purpose, then the means to be applied to obtain such a purpose is largely within the discretion of the Legislature. See generally, 81A C.J.S. States s. 205(b), p. 729. Cf., Florida Power Corporation v. Pinellas Utility Board,40 So.2d 350 (Fla. 1949).
Pursuant to s. 163.400(1), F.S. (1984 Supp.), a public body (defined in s. 163.340[2], F.S. [1984 Supp.], to include a county) may
 (d) [l]end, grant, or contribute funds to a county or municipality; borrow money; and apply for and accept advances, loans, grants, contributions, or any other form of financial assistance from the Federal Government, the state, the county, another public body, or any other source[;]
 (e) [e]nter into agreements, which may extend over any period, notwithstanding any provision or rule of law to the contrary, with the Federal Government, a county, a municipality, or another public body respecting action to be taken pursuant to any of the powers granted by this part, including the furnishing of funds or other assistance in connection with community redevelopment and related activities[;]
for the purpose of aiding in the planning, undertaking, or carrying out of community redevelopment and related activities authorized by Part III, Ch. 163, F.S. (1984 Supp.). Cf., s.163.410, F.S., providing that in a county which has adopted a home rule charter, the powers conferred by Part III, Ch. 163, F.S., shall be exercised exclusively by the governing body of such a county; that the governing body of a charter county has the discretionary power to delegate by resolution the exercise of its powers under Part III, Ch. 163, within the boundaries of a municipality to the governing body of the municipality under particular circumstances.
Thus the Legislature has determined that a community redevelopment project undertaken pursuant to Part III, Ch. 163, F.S. (1984 Supp.), as amended, is a proper subject for the expenditure of public funds and serves a public purpose (s. 163.335[3], supra) and has authorized the loan of county funds for carrying out community redevelopment (s. 163.400[1], supra). Further, the Volusia County Council has declared that the proposed community redevelopment plan and loan of funds thereto serve a county purpose. In light of these legislative determinations, it would appear that a county may loan properly appropriated county funds to a city and a community redevelopment agency to aid in community redevelopment. Cf., Dickinson v. Stone, 251 So.2d 268 (Fla. 1971) (unless otherwise expressly provided by law, appropriated money must be expended only for the purposes for which it was appropriated); Taylor v. Williams, 196 So. 214 (Fla. 1940); Supreme Forest Woodmen Circle v. Hobe Sound Co., 189 So. 249 (Fla. 1939).
Therefore, unless and until judicially determined to the contrary, it is my opinion that Volusia County may lend properly appropriated county funds to the City of Daytona Beach and the Daytona Beach Redevelopment Agency pursuant to Part III, Ch. 163, F.S. (1984 Supp.), for a project declared by the county to represent a county public purpose.
Sincerely,
Jim Smith Attorney General
Prepared By:
Gerry Hammond Assistant Attorney General