Mr. Charles Dusseau Secretary Department of Commerce Collins Building 107 West Gaines Street Tallahassee, Florida 32399-2000
Dear Secretary Dusseau:
You ask substantially the following question:
May the Technology Development Board provide public funds to private, for-profit corporations?
In sum:
The Technology Development Board may provide funding to private, for-profit corporations, where the investment of such funds fulfills the legislatively prescribed purpose of the board and is carried out in the manner provided by law.
The Technology Development Board (formerly Enterprise Florida Innovation Partnership) is a nonprofit public-private board created within the structure of Enterprise Florida, Inc. The purpose of the board is to foster growth of high technology and other value-added industries and jobs in Florida.[1] The Legislature's stated intent is that the board "provide leadership and market-driven, performance-based economic development tools to create the diverse cross section of innovation-driven firms that is essential to a competitive economy in this state. . . ."[2]
The board consists of directors who "shall have all the powers and authority not explicitly prohibited by statute necessary or convenient to carry out and effectuate its functions, duties, and responsibilities. . . ."[3]
Section 288.9514(1), Florida Statutes, as amended during the 1996 Legislative Session, enumerates the board's authority, in part, as follows:
(b) Taking actions in partnership with private enterprise, educational institutions, and other organizations to: 1. Increase the rate of technology application across manufacturing and other knowledge-based firms throughout the state. 2. Increase the amount of technology development occurring in Florida. 3. Increase the rate at which technologies with potential commercial application are moved out of university, private, and public laboratories into the marketplace.
* * *
(g) Soliciting, borrowing, accepting, receiving, and investing funds from any public or private source. (h) Contracting with public and private entities as necessary to further the directives of this act, except that any contract made with an organization represented on the nominating council or on the board of directors must be approved by a two-thirds vote of the entire board of directors, and the board member representing such organization shall abstain from voting. An organization represented on the board or on the nominating council may not enter into a contract to receive a state-funded economic development incentive or similar grant. (e.s.)
Moreover, the board is directed to create specific programs or entities to address the actions listed in paragraph (1)(b).[4]
Thus, the board has been given broad legislative authority to design programs and entities to carry out its purposes and may invest funds it has received in such projects. The statute specifically recognizes the board's ability to contract with private entities in order to fulfill its directives. Such contracts, as reflected in subparagraph (h), of section 288.9514(1), Florida Statutes, may include state-funded economic development incentives or similar grants.
The Legislature has further stated that the board is authorized to create a technology applications service to be called the Florida Innovation Alliance as an umbrella organization for technology applications service providers.[5] In order to carry out the functions of the alliance, the board has been given the power, among others, to secure additional sources of funds on behalf of, and in partnership with, technology applications service providers. It may enter into contracts with such providers in order to expand the availability of assistance to small and medium-sized manufacturing companies or "knowledgebased service firms."[6]
Section 288.9515(3), Florida Statutes, allows the board to create a technology development financing fund. The fund's purpose is to increase technology development in Florida by investing in projects that have the potential to generate investment-grade technologies that are attractive to the private sector as coinvestors.[7]
The board is directed to invest moneys contained in the fund in technology application research or for technology development projects that have the potential for commercial market application.[8] The investment of moneys contained in the fund is specifically stated to "not constitute a debt, liability, or obligation of the State of Florida or of any political subdivision thereof, or a pledge of the faith and credit of the state or of any such political subdivision."[9]
Throughout the statutes governing the Technology Development Board, the Legislature has acknowledged and specifically authorized the use of public funds for private entities that further the purposes of the board.
Article VII, section 10 of the Florida Constitution provides:
Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person. . . .
The purpose of this constitutional prohibition against using public funds to assist a private corporation, association, partnership, or person is to protect public funds from being exploited primarily for private purposes, with only incidental benefits to the public.[10] Clearly, the Legislature, by creating the Technology Development Board and granting it the authority to invest its funds in private entities in order to advance technological business in the state and make the state more technologically competitive, has determined that such expenditures fulfill a public purpose.
Under similar circumstances, the Supreme Court of Florida, in State v. Florida Development Finance Corporation,[11] considered whether the Florida Development Finance Corporation's (FDFC) revenue bonds issued for the purpose of making loans to private entities violated Article VII, section 10, Florida Constitution. In that case, FDFC issued revenue bonds pursuant to the Florida Development Finance Corporation Act[12] in order to make a loan to a private foundry and machine works. The loan proceeds were to be used by the private entity to buy new equipment and expand its plant in Alachua County. The project was expected to increase the amount of business the entity conducted in the county and the number of people employed within that community. The applicable statutory provisions made the loan guaranty a special obligation payable from specific revenues and stated that it did not constitute a debt of the state or a pledge of the full faith and credit of the state. Moreover, the Legislature had clearly delineated the public purpose to be served by the bonds.
The Court found, absent a pledge of the public credit or taxing power, it did not matter that the primary beneficiary of the project was a private entity.[13] Further, the legislative determination that a public interest would be served by expenditure of the funds was presumed to be valid, unless found to be clearly erroneous as beyond the power of the Legislature.[14]
It was concluded, therefore, that the use of the funds in the manner prescribed by the act did not violate the Florida Constitution.
Applying the analysis in Florida Development Finance Corporation to the instant inquiry, it appears that the Legislature has made the determination that the Technology Development Board's activities fulfill a public purpose. The use of public funds to carry out the board's authorized purpose, therefore, would not violate Article VII, section 10 of the Florida Constitution, even though such funds are being invested in private entities.
Accordingly, it is my opinion that the Technology Development Board may provide funding to private, for-profit corporations, where the investment of such funds fulfills the legislatively prescribed purpose of the board and is carried out in the manner provided in sections 288.9511-288.9517, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 288.9512(1), Fla. Stat. (1995), as amended by s. 91, Ch. 96-320, Laws of Fla.
[2] Section 288.9510, Fla. Stat. (1995).
[3] Section 288.9514(1), Fla. Stat., as amended by s. 93, Ch. 96-320, Laws of Fla.
[4] Section 288.9514(2), Fla. Stat., as amended by s. 93, Ch. 96-320, Laws of Fla.
[5] Section 288.9515(1), Fla. Stat., as amended by s. 94, Ch 96-320, Laws of Fla.
[6] Id. at paragraph (e).
[7] Section 288.9515(3), Fla. Stat., as amended by s. 94, Ch 96-320, Laws of Fla.
[8] See, s. 288.9515(4), Fla. Stat., as amended by s. 94, Ch 96-320, Laws of Fla., also limiting such investment to qualified securities in which a private enterprise in Florida co-invests at least 40 percent of the total project costs. The phrase "qualified securities" is defined as
loans, loans convertible to equity, equity, loans with warrants attached that are beneficially owned by the board, royalty agreements, or any other contractual arrangement in which the board is providing scientific and technological services to any federal, state, county, or municipal agency, or to any individual, corporation, enterprise, association, or any other entity involving technology development.
Section 288.9515(4)(a) and (b), Fla. Stat., as amended by s. 94, Ch 96-320, Laws of Fla.
[9] Section 288.9515(4)(e), Fla. Stat.
[10] See, State v. Miami Beach Redevelopment Agency,392 So.2d 875 (Fla. 1980).
[11] 650 So.2d 14 (Fla. 1995).
[12] Section 288.9602, et seq., Fla. Stat.
[13] 650 So.2d at 19, citing State v. Housing Finance Authority of Polk County, 376 So.2d 1158 (Fla. 1979).
[14] Id. citing Northern Palm Beach County Water Control District v. State, 604 So.2d 440, 442 (Fla. 1992).