Mr. Terrence M. Brown Bradford County Attorney Post Office Box 40 Starke, Florida 32091
Dear Mr. Brown:
On behalf of the Bradford County Board of County Commissioners, you ask substantially the following questions:
1. May the Bradford County Board of County Commissioners expend public funds to assist a county volunteer fire department that provides services within Bradford County in making payments on the purchase of a new fire truck?
2. May the Bradford County Board of County Commissioners donate money to a nonprofit corporation to help maintain a former school building that will be used by various community organizations, private parties, and governmental entities?
In sum:
1. The Bradford County Board of County Commissioners may expend public funds to assist a county volunteer fire department that provides services within Bradford County in making payments on the purchase of a new fire truck.
2. The Bradford County Board of County Commissioners may donate money to a nonprofit corporation to help maintain a former school building that will be used by various community organizations, private parties, and governmental entities, provided the county commission determines that a county purpose is served by such donation and proper safeguards are implemented to assure the accomplishment of that purpose.
Question One
Article VII, section 10, Florida Constitution, provides in pertinent part:
"Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person[.]"[1]
The purpose of the above constitutional provision is to keep the State out of private business, to insulate State funds against loans to individual corporations or associations, and to withhold the State's credit from entanglement in private enterprise.[2] As stated by the Supreme Court of Florida in Bannon v. Port of Palm Beach District,[3]
the constitutional provision seeks "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited." However, if the expenditure primarily or substantially serves a public purpose, the fact that the expenditure may also incidentally benefit private individuals does not violate Article VII, section 10.[4]
If the county's taxing power or pledge of credit is involved, the improvements must serve a paramount public purpose. If, however, neither the taxing power nor a pledge of credit is involved, then it is enough to show only that a public purpose is present.[5] You have advised this office that neither the county's taxing power nor pledge of credit is involved. Thus, while the county would assist the volunteer fire department by donating money for the fire department's purchase of a new fire truck, neither the county's taxing power nor credit has been pledged.
The courts of this state have recognized that where a public purpose is involved, a county may accomplish this purpose through the medium of a nonprofit quasi-public corporation.[6] This office reached a similar conclusion when it considered this issue. For example, in Attorney General Opinion 72-198, this office concluded that a municipality could expend public funds by contribution to a private nonprofit organization that operated a drug rehabilitation program since the rehabilitation constituted a public purpose. As was stated in the opinion, "rather than establish its own municipally owned and operated drug abuse education or treatment program, under appropriate charter-act or home rule ordinance authority, the municipality may carry out such a program through an approved private organization . . . ."
The state Legislature has recognized that the provision of fire protection services constitutes a public purpose and has specifically authorized a county to provide such services within the county.[7] You note that if the volunteer fire department was not present to provide fire protection in the unincorporated areas of the county, the county commission would have to fund a paid fire department or contract with the municipalities to provide such services.
In light of the above, it appears that the Bradford County Board of County Commissioners may seek to provide fire protection services through a county volunteer fire department and may expend public funds to assist such a volunteer fire department that provides services within Bradford County by making payments on the purchase of a new fire truck when neither the county's taxing power nor credit is pledged.
Question Two
According to your letter, the county is interested in donating money to a nonprofit corporation to help maintain a former school building that is leased by the corporation and is made available by the nonprofit corporation for use by various community organizations, private parties, and governmental entities. Among the governmental programs operated out of the facility are a branch of the county library, classes for pre-kindergarten children operated by the local school board, a federal Head Start program for disadvantaged children, and various recreational programs sponsored by the City of Starke.
As discussed in Question One, the courts and this office have recognized that a governmental entity may carry out a public purpose through private nonprofit corporations as well as through public agencies.[8] This office, however, has emphasized that the presence of a public purpose is ultimately a factual determination for the legislative body (in this instance, the board of county commissioners) or the courts, but that initially there must be both some clearly identified and concrete public purpose and a reasonable expectation that the purpose will be accomplished.[9] Some degree of control should be retained by the public authority to assure accomplishment of the public purpose.[10]
Thus, for example, this office in Attorney General Opinion 83-6 concluded that a municipality could contribute directly, or indirectly through the purchase of equipment, to a nonprofit, quasi-public corporation's football program if such a program is open to the public and satisfies a need for a public recreation program. Similarly, in Attorney General Opinion 86-44, this office stated that a board of county commissioners was authorized to donate revenue sharing monies to a nonprofit senior citizens organization so that county residents who were members of the club could take field trips, provided that the program was open to the public and was determined by the county commission to serve a valid public purpose, and provided that proper safeguards were implemented to assure accomplishment of the public purpose.
Accordingly, I am of the opinion that the Bradford County Board of County Commissioners may donate money to a nonprofit corporation to help maintain a former school building that will be used by various community organizations, private parties, and governmental entities, provided the county commission determines that a county purpose is served by such donation and proper safeguards are implemented to assure the accomplishment of that purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The constitutional provision lists several exemptions not applicable to the instant inquiry. See, Art. VII, s. 10(a)-(d), Fla. Const. 
[2] See, Dade County, Board of Public Instruction v. Michigan MutualLiability Company, 174 So.2d 3 (Fla. 1965); Bailey v. City of Tampa,111 So. 119, 120 (Fla. 1926).
[3] 246 So.2d 737, 741 (Fla. 1971).
[4] See, e.g., State v. Housing Finance Authority of Polk County,376 So.2d 1158, 1160 (Fla. 1979).
[5] See, e.g., Linscott v. Orange County Industrial DevelopmentAuthority, 443 So.2d 97 (1983); State v. Housing Finance Authority ofPolk County, supra; Northern Palm Beach County Water Control District v.State, 604 So.2d 440 (Fla. 1992); State v. Osceola County, 752 So.2d 530
(Fla. 1999).
[6] See, e.g., Burton v. Dade County, 166 So.2d 445 (Fla. 1964); Raneyv. City of Lakeland, 88 So.2d 148 (Fla. 1956).
[7] See, s. 125.01(1)(d), Fla. Stat.
[8] See, e.g., Op. Att'y Gen. Fla. 75-71 (1975) (public purposes may be carried out through private nonprofit corporations as well as through public agencies); Florida Little Major League Assoc., Inc. v. GulfportLion's Little League, Inc., 127 So.2d 707 (Fla. 2d DCA 1961) (city had power to lease park property to nonprofit corporation for use as a baseball field); cf., Hanna v. Sunrise Recreation, Inc., 94 So.2d 597
(Fla. 1957).
[9] See, e.g., Op. Att'y Gen. Fla. 77-27 (1977). That opinion also set out the following earmarks of a quasi-public organization: (1) nonprofit, (2) voluntary, (3) open to the public, and (4) dedicated to a valid public interest.
[10] See, O'Neill v. Burns, 198 So.2d 1 (Fla. 1967).