Mr. Marlin M. Feagle Columbia County Attorney Post Office Box 1653 Lake City, Florida 32056-1653
Dear Mr. Feagle:
On behalf of the Board of County Commissioners of Columbia County, you ask substantially the following question:
May county funds be used to pay for educational courses for volunteer firefighters to obtain state certification as emergency medical technicians or paramedics?
According to your letter, Columbia County uses the services of volunteer firefighters who are not county employees, serve without compensation, and have no obligation to continue providing services to the county. The county provides basic volunteer firefighter education and instruction in the Florida Firefighter One Course (160 hours, including emergency medical service, first responder, and hazardous materials awareness) to these individuals.
You indicate that state certification as an emergency medical technician (EMT) or paramedic is not a requirement for performing volunteer firefighting. The county_s current hiring practice for EMTs requires individuals to obtain state certification at their own expense within twenty-four months of their date of employment. In light of these facts, the question has arisen whether the county may pay for EMT or paramedic training for volunteer firefighters, even though there is no assurance that they will continue to provide volunteer services after certification.
Article VII, section 10, Florida Constitution, prohibits the state and its subdivisions from using their taxing power or pledging public credit to aid any private person or entity. The purpose of this constitutional provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefitted."[1] However, if the expenditure primarily or substantially serves a public purpose, the fact that the expenditure may also incidentally benefit private individuals does not violate Article VII, section 10.[2] Thus, in order to satisfy Article VII, section 10, the expenditure of county funds must be for a public purpose. Ultimately, however, the determination of whether the expenditure of county funds fulfills a county purpose is one that the board of county commissioners, as the legislative body of the county, must make.
This office has often commented upon the expenditure of public funds for purposes that incidentally or directly benefit individuals.[3] In Attorney General Opinion 82-13, this office considered whether county funds could be expended for an employee of the clerk of circuit court to attend a management course sponsored by a state university. The opinion also addressed whether the county could pay the expenses of an employee to attend courses to train as a computer programmer. After discussing the basic premise that public funds may be spent only for a public purpose and finding no statutory authority for the clerk to expend county funds for educational expenses of employees, it was concluded that the payment of tuition or the cost of computer programming classes or a management course for employees was not an appropriate expenditure of public funds.
Since Attorney General Opinion 82-13 was issued, however, the Legislature has enacted statutory authority for the expenditure of public funds for state employees to attend classes. Section 110.1099, Florida Statutes, provides education and training opportunities for state employees, allowing a state employee to receive a voucher or grant for matriculation fees to attend work-related courses at public community colleges, public career centers, or public universities. The statute authorizes the Department of Management Services to implement its provisions from funds appropriated to the department for this purpose. Clearly, the state has made a determination that the expenditure of public funds for work-related educational opportunities for state employees meets a public purpose.
The board of county commissioners, as the legislative body of the county, may, based upon appropriate legislative findings, determine that the expenditure of county funds for tuition or fees for specialized training of county employees serves a county purpose,[4] as well as for course work that is not a requirement for the job of a volunteer firefighter who is under no obligation to continue providing services to the county. For example, in Attorney General Opinion 98-32, this office concluded that a program to reimburse sheriff_s office employees for tuition for college courses to develop additional expertise in job-related areas was an appropriate use of contraband forfeiture funds. It was noted, however, that the program provided reimbursement only to full-time employees and not to department recruits or cadets.[5] One factor that should be considered is whether volunteers would be obligated for some period of time to continue their service if county funds were used to pay their tuition.
Ultimately, the county commission is responsible for making appropriate findings that an expenditure serves a public purpose and appropriately budgeting the funds. Such legislative functions and determinations cannot be delegated to the Attorney General, nor may the Attorney General undertake to make such legislative findings and determinations on behalf of the county.[6]
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971).
[2] See State v. Housing Finance Authority of Polk County,376 So.2d 1158, 1160 (Fla. 1979) (paramount public purpose must be served if county's taxing power or pledge of credit is involved); Orange CountyIndustrial Development Authority v. State, 427 So.2d 174 (Fla. 1983) (if neither taxing power nor pledge of credit involved, enough to show only a public purpose is involved), Linscott v. Orange County IndustrialDevelopment Authority, 443 So.2d 97 (Fla. 1983).
[3] See Ops. Att_y Gen. Fla. 02-48 (2002) (county funds not proper for maintenance or repair of privately-owned roads), 94-89 (1994) (temporary easement granted to county for repair of private drains and canals not sufficient to constitute public purpose), and 92-42 (1992) (use of private road by public vehicles such as school buses not proper basis for expenditure of public funds for repair and maintenance of such roads).
[4] See Op. Att_y Gen. Fla. 83-05 (1983) (under proper circumstances, and based upon appropriate legislative findings and pursuant to exercise of county's home rule powers, it is matter of legislative judgment of county commission whether to expend county funds for incentive awards for certain county employees in recognition of superior job-related achievements and to pay for retirement dinners or for coffee and refreshments for visitors).
[5] See also, Op. Att_y Gen. Fla. 89-78 (1989) (contraband funds may not be used to pay tuition supplements to recruits).
[6] Op. Att_y Gen. Fla. 84-49 (1984).